PEOPLE *ex rel.* CLARK *v.* FRENCH *et al.,* Police Commissioners.

(*Supreme Court, General Term, First Department.*  February 14, 1890.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMEN.

   Dismissal of an officer by the police commissioners, on the ground of neglect of duty and conduct unbecoming an officer, will be affirmed on *certiorari,* where it appears that he was an habitual drinker, and always more or less "under the influence of liquor;" though no overt act resulting from intoxication is charged.  BRADY, J., dissenting.

On *certiorari* to review the dismissal of Christopher Clark from the police force of the city of New York, by Stephen B. French and others, police commissioners.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*Louis J. Grant,* for relator.  *W. H. Clark,* Corp. Counsel, (*William L. Turner,* of counsel,) for respondents.

VAN BRUNT, P. J.  The relator was charged with neglect of duty and conduct unbecoming an officer, the specifications being that he was under the influence of liquor, and that he left his post without being relieved.  Whether the evidence was sufficient to establish the latter specification or not, it is not necessary to discuss, as, if the former specification was established, the judgment of the commissioners must be affirmed.  It is urged upon behalf of the relator that even if he was under the influence of liquor so that his face was red, his speech thick, his eyes inflamed, and although he had never been fully

sober for several months, as was testified to by one of the witnesses, and so much under the influence of liquor at the particular time that he was accused of neglect of duty, that he was unfit for duty, yet, no overt act of the relator except the mere fact of his being under the influence of liquor being proven, the charge of conduct unbecoming an officer was not made out. It does not seem to us that this point is well taken. The evidence tended to show that the relator was an habitual drinker; that he was more or less under the influence of drink all the time, which was a condition of things, if true, which should not be tolerated upon the police force. It is true that there was evidence which tended to contradict the evidence offered in support of the charge, but this was not so convincing that it would justify this court in reversing the decision of the commissioners. Upon the contrary, the weight of evidence seems to have been to the effect that the relator was so much under the influence of liquor as to be unfit for immediate active duty. The writ should be dismissed, with costs.

BARTLETT, J., concurs.

BRADY, J., (*dissenting.*) The charges against the relator are neglect of duty and conduct unbecoming an officer; the specifications being that he left his post without being relieved, and that he was under the influence of liquor at the time.

In respect to the first charge it appears that the relator arrived at the station-house from three to five minutes before his time; his explanation being that he and another officer had been pursuing some boys who had been complained of for illegal ball playing in the street; that, in so doing, they were obliged to leave their beats, and at the end of the chase relator found himself near the station-house, and distant from his relieving point, so that it would be impossible for him to reach it in time, having seen his relief pass on his way to that post; and that he thereupon took his captured property (a base-ball bat) to the station-house, and reported himself. This would seem, in view of the rule requiring officers to report captured property immediately at the station-house, and of the fact that it was a physical impossibility for him to reach his relieving point on time, to be a sufficient explanation of the course taken by him. His action, viewed in the light most unfavorable to him, cannot be characterized as anything graver than an error of judgment, and as such was not properly a basis for the charge of neglect of duty.

As to the second specification, viz., that charging the relator with being "under the influence of liquor," the evidence in support of it is as vague and elusive as the nature of the charge itself. It is not claimed upon the part of the respondents that the evidence establishes that the relator was intoxicated, but that he was under the influence of liquor. How, or to what extent, nowhere appears. This charge rests upon the testimony of the captain and two sergeants, who, in substance, expressed the opinion that the relator was under the influence of liquor. Precisely what these several witnesses meant by this it is not easy to determine; one of the sergeants definitely explaining that he considered a man who had taken but one drink to be under the influence of liquor, and the other intimating that he held similar views. On the other hand, the relator adduced the testimony of several witnesses tending, in my judgment, strongly to show that at the time in question he was entirely sober; and, while it is claimed that these witnesses did not examine the accused with reference to this particular charge, yet I do not think that fact in any way militates against the force of their testimony. They were shown to have encountered the relator under circumstances of sufficiently intimate character to enable them to pronounce intelligently upon his condition. The conduct, too, of the captain and his subordinate officer (the sergeant in charge) was inconsistent with the idea that there was anything unusual in the relator's state.

He was excused for supper at the usual time, and in the usual manner, and was permitted to leave the station-house, and go upon the street for that purpose, in uniform, returning at the regulation hour, and going on duty precisely the same as on any other occasion; in short, doing and being allowed to do exactly what he would have done under ordinary circumstances. If the "influence" under which he was claimed to be laboring had been sufficiently tangible to have had any effect upon his actions, it is not easy to believe that such a course would have been taken or permitted. The relator claims (and in this he is corroborated by the explicit testimony of another officer) that in being charged with intoxication he demanded, in accordance with the rules of the department, to be examined by the police surgeon. This is denied by the captain and his witnesses; but, however that may be, it would seem that this case was peculiarly one in which such a course would have been eminently fitting and proper. In a case so barren as this is of any overt-acts upon which the charge could be based, and resting, as it does, entirely upon the opinions and conclusions of the witnesses, it would seem that the opinion of some one who could speak with authority as an expert would not only have been valuable, but was, indeed, indispensable. The rule requiring the surgeon to examine and pass upon such questions as the one involved ·here is a salutary one, and the relator ought not to have been deprived of the benefit of the opinion of a properly qualified expert as to his condition. It is not easy to resist the conviction that the captain's failure on a previous occasion to secure a satisfactory report from the surgeon as to a similar charge against the relator had more to do with the captain's neglect to send for him than the fact that the question was never raised. And in this case, as already said, depending, as it does, wholly upon the opinion of the witnesses · upon a vague and indefinite point, the procuring of the surgeon's decision was so manifestly proper and so evidently necessary that its absence (whether demanded by the relator or not) worked injustice to him as depriving him of an authoritative opinion to which he was in fairness entitled. On the whole case, I do not think that the charge was established by such evidence as ought to be required where the consequences entailed are so grave as they are here, and that the relator ought not to have been dismissed. The proceedings of the commissioners should be reversed, and the relator restored.